ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
P. GREG PARHAM
Assistant United States Attorney
California Bar Number 140310
Federal Courthouse, 14th Floor
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-6528
Facsimile: (213) 894-7177
E-mail: Greg.Parham@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>REAL PROPERTY LOCATED AT 5422 E. BEVERLY BLVD., LOS ANGELES, CALIFORNIA (GOLDEN APPLE, LLC),<br><br>Defendant.<br><br>GOLDEN APPLE, LLC,<br><br>Claimant. | CV 13-01449 SVW(CWx)<br><br>**CONSENT JUDGMENT OF FORFEITURE**<br><br>**[NOTE COURT MODIFICATION]**<br><br>**JS-6** |

This action was filed on February 28, 2013. Notice was given and published in accordance with law. Claimant and titleholder Golden Apple, LLC ("claimant") filed a claim on April 4, 2013 and an answer on March 20, 2013. No other claims or answers have been filed, and the time for filing claims and answers has expired. Plaintiff United States of America ("the government") and claimant have reached an agreement that, without further litigation and without an admission of any wrongdoing, is dispositive of the government's claims against the defendant property, and hereby request that the Court enter this Consent Judgment of Forfeiture.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

1. As used throughout, the following terms shall have the following meaning: (a) "defendant property" shall mean the defendant real property located at 5422 E. Beverly Blvd., Los Angeles, California; and (b) "illegal purpose" shall mean any purpose that furthers or facilitates the distribution or sale of marijuana in violation of federal law, including, but not limited to, renting space to a person or entity that sells or distributes marijuana; or the renting of space to or permitting the continued tenancy of any person or entity that sells, distributes or facilitates the sale or distribution of marijuana.

2. This Court has jurisdiction over the parties to this judgment and the subject matter of this action.

3. On or about February 28, 2013, the government filed a Complaint for Forfeiture pursuant to 21 U.S.C. § 881(a)(7) against the defendant real property.

4. Claimant filed a timely claim and answer. No other claimant has appeared in this action.

5. Notice of this action has been given in accordance with law. No appearances having been made in this action by any person other than claimant, the Court deems that all other potential claimants admit the allegations of the Complaint to be true. The Complaint states a valid claim for relief pursuant to 21 U.S.C. § 881(a)(7).

6. Claimant shall retain possession of and title to the defendant property, and in consideration thereof, claimant agrees to abide by the terms of this Agreement. Claimant shall lawfully use and occupy the defendant property in accordance with the restrictions imposed by paragraph 7 below. If claimant fails to comply with any of the terms of paragraph 7, claimant’s interest in the defendant property shall be forfeited to the government pursuant to paragraph 8 below.

7. Claimant shall not use or occupy the defendant property, nor shall it allow the defendant property to be used or occupied, for any illegal purpose. Claimant shall take all reasonable precautions to prevent any destruction to or diminution in value of the defendant property and any fixtures thereto. Claimant shall not knowingly rent, lease or otherwise allow the use or occupancy of any of claimant’s property to (a) any former tenant who used or occupied any of claimant’s property for any illegal purpose; or (b) any person claimant has reason to believe may use or occupy the claimant’s property for any illegal purpose. Claimant shall not knowingly allow any of the claimant’s property to be listed in any advertisement,

publication, directory or internet site which advertises or indicates that marijuana is available at the location of the claimant's property.[1]

8. In the event that claimant fails to comply with any of the terms of paragraph 7 of this Consent Judgment during the four (4) year period following the entry of this judgment, the entirety of claimant's interest in the defendant property shall be ordered condemned and forfeited to the United States, subject to the "notice" and "cure" provisions set forth below. In the event of forfeiture, the Los Angeles County Recorder shall index this Judgment in the grantor index under the name of Golden Apple, LLC, and in the grantee index in the name of the United States of America. If the government believes that claimant failed to comply with any provision of paragraph 7, it shall provide written notice of such failure to claimant, describing the provision believed to have been violated. Claimant shall have fifteen (15) days from his receipt of such notice to cure the violation. In order to cure the violation, claimant shall immediately initiate steps which the government deems to be sufficient to cure the violation (e.g., initiation of an unlawful detainer action) and thereafter continue and complete all reasonable and necessary steps to produce compliance as soon as reasonably practicable. If the violation is not cured within the 15-day period by initiating such steps, the government shall file a Notice of Non-Compliance and Forfeiture with the Court, setting out the violation and the failure of claimant to timely

[1] The government is currently informed and believes that there is no location of any claimant's property currently listed in any such publications.

cure the violation. The government shall provide claimant with the proof and information that it contends supports its allegation that there has been non-compliance. Claimant shall have fifteen (15) court days from the receipt of the Notice to file a motion to seek relief from forfeiture, wherein the moving party may argue that, among other things, it is an “innocent owner” pursuant to 18 U.S.C. § 983(d). If such a motion is filed, the government shall take no further action until the motion has been determined. If no such motion is timely filed, the defendant property shall be forfeited to the United States on the sixteenth (16th) day after the filing of the Notice of Non-Compliance and Forfeiture, unless the Court orders otherwise. Upon forfeiture under the terms of this paragraph, the government shall have the right to take possession of the defendant property without further order of the Court, and the United States Marshals Service, or its representatives, shall, without further order of the Court, proceed to take physical possession of the defendant property and its fixtures, and may evict any and all persons, pets, livestock, and personal property from the defendant property as it deems necessary or appropriate. A "filed"-stamped copy of this Consent Judgment accompanied by a "filed"-stamped copy of a Notice of Noncompliance and Forfeiture and/or order of the Court, shall be sufficient to establish the forfeiture of the defendant property. In the event that the defendant property is forfeited to the government, claimant agrees that the United States Marshals Service may proceed to sell the defendant property. Thereafter, the United States Marshals Service, or its

representatives, shall promptly proceed to dispose of the defendant property and to distribute any proceeds from the sale in accordance with the law.

9. Upon the filing of this Consent Judgment, the United States Marshals Service, or its representatives, shall be allowed to enter the defendant property for purposes of inspection and inventory. Such entry shall be permitted by claimant at a reasonable time to be agreed upon by the parties. Absent such agreement, the government may apply to the Court for a writ of entry for purposes of protecting the government's interests in the defendant property, in connection with which claimant may request a hearing.

10. This Consent Judgment shall only be recorded in accordance with the provisions of paragraph 8 above.

11. The government shall withdraw its recorded lis pendens upon entry of this Consent Judgment.

12. Except as otherwise set forth in this Consent Judgment and in particular in Paragraph 8 above, claimant has released the United States of America, its agencies, agents, and officers, including, without limitation, employees and other representatives of the Drug Enforcement Administration, from any and all claims, defenses, actions, or liabilities arising out of or related to this action against the defendant real property, including, without limitation, any and all claims for attorneys' fees, costs or interest which may be asserted by it or on its behalf.

13. The parties shall each bear their own costs and attorneys' fees in this action.

~~14. The Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Judgment.~~

15. The Court finds that there was reasonable cause for the initiation of this action, and this Consent Judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

16. All notices and other communications provided for in this Consent Judgment shall be in writing and shall be effective when given on the earliest of the following dates: (i) the date when actually delivered if delivered in person to the recipient; (ii) on the first (1st) business day after depositing such notice with a reputable independent nationally-recognized overnight courier service addressed to the recipient as set forth below; or (iii) on the third (3rd) day after depositing such notice in a sealed envelope in the United States mail, postage prepaid, by registered or certified mail, return receipt requested, addressed to, except as otherwise provided in this Consent Judgment, the recipient at the address set forth below:

To the Government: P. Greg Parham, Assistant U.S. Attorney, Asset Forfeiture Section, 312 N. Spring Street, 14th Floor, Los Angeles, CA 90012.

To claimant: Stephen P. Dena, 111 S. Garfield Ave., #102, Montebello, CA 90640.

//

//

//

//

//

Any notice so given by mail shall be deemed to have been given as of the date of delivery (whether accepted or refused) established by the U.S. Post Office return receipt or the overnight courier's proof of delivery, as the case may be.

Dated: May 6, 2013

THE HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE